UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMERICAN ACADEMY OF | § | |
| IMPLANT DENTISTRY, *et al.* | § | |
| | § | |
| v. | § | No. 1:14-CV-191-SS |
| | § | |
| GLENN PARKER, Executive Director | § | |
| of the Texas State Board of Dental | § | |
| Examiners, *et al*. | § | |

**DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE SAM SPARKS:

As their answer to plaintiffs' Original Complaint ("Complaint") (ECF doc. 1), Glen Parker,[1] Tamela L. Gough, Stephen Austin, Tim O'Hare, Kirby Bunel Jr., William R. Birdwell, Emily A. Christy, James W. Chancellor, Rudolfo G. Ramos Jr., Lewis White, Whitney Hyde, Renee Cornett, D. Bradley Dean, Christie Leedy, Lois Palermo, and Evangelia Mote, in their official capacities, the defendants herein, respectfully submit the following. The numbered paragraphs and titles below correspond to the numbered paragraphs and titles within the Complaint.

**Preamble: Nature of action**

1. As merely the plaintiffs' description of their claims and allegations, this paragraph does not require admission or denial. To the extent that an answer is deemed to be required, the defendants admit only that the rule codified at 22 T.A.C. § 108.54 deals with dentists' advertising as specialists, that the Texas State Board of Dental Examiners ("the Board") does not control or actively supervise the American Dental Association ("ADA"), and that membership in

---

[1] The current Executive Director is Julie Hildebrand. *See* FED. R. CIV. P. 25(d).

1

the ADA is not required for dental licensure in Texas – although a degree from an educational program accredited by the ADA is. Otherwise, the paragraph is denied.

2. Denied.

**Jurisdiction and venue**

3. Admitted.

4. Admitted.

**Parties**

*Plaintiffs*

5. The defendants admit only that AAID is a national dental organization and that ABOI/ID issues certificates in the field of implant dentistry. The defendants deny that AAID has standing to litigate the claims of individual dentists. Otherwise, the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

6. The defendants admit only that ASDA is a national dental organization and that ADBA issues certificates in the field of dental anesthesiology. The defendants deny that ASDA has standing to litigate the claims of individual dentists. Otherwise, the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

7. The defendants admit only that AAOM is a national dental organization and that ABOM issues certificates in the field of oral medicine. The defendants deny that AAOM has standing to litigate the claims of individual dentists. Otherwise, the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

8. The defendants admit only that AAOP is a national dental organization and that ABOP issues certificates in the field of oral medicine. The defendants deny that AAOP has standing to

litigate the claims of individual dentists. Otherwise, the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

9. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in the first sentence. For the remainder of the paragraph, the defendants admit only that the individual plaintiff dentists do not meet the requirements of 22 T.A.C. § 108.54, that the ADA House of Delegates decides what dental specialties are recognized by the ADA, that the ADA does not have a process for individual dentists to appeal a House of Delegates decision of general application, and that some Texas dentists have chosen not to be members of the ADA although they are not barred from doing so. Otherwise, the paragraph is denied.

10. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph, except that they deny that any bona fide constitutional right is in jeopardy in this case.

11. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph, except that they admit that the plaintiff is licensed to practice dentistry in Texas and deny that any bona fide constitutional right is in jeopardy in this case.

12. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph, except that they admit that the plaintiff is licensed to practice dentistry in Texas and deny that any bona fide constitutional right is in jeopardy in this case.

13. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph, except that they admit that the plaintiff is licensed to practice dentistry in Texas and deny that any bona fide constitutional right is in jeopardy in this case.

14. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph, except that they admit that the plaintiff is licensed to practice dentistry in Texas and deny that any bona fide constitutional right is in jeopardy in this case.

*Defendants*

15. Admitted.

16. The defendants admit that the rule is accurately quoted.

17. Admitted, except that 263.002(a)(1) should be 263.002(a)(10).

18. Admitted.

19. Admitted.

20. The defendants deny that 22 T.A.C. § 108.54 deprives any dentist of all opportunity to recoup his or her investment in advanced training and deny the last sentience of the paragraph. Otherwise, the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

21. The defendants admit only that implant dentistry can be described as multidisciplinary. Otherwise, the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

22. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

23. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

24. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

25. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

26. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

27. The first sentence is admitted. Otherwise, the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

28. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

29. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

30. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

31. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

32. The defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

33. The first sentence is admitted. Otherwise, the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

34. Because the term "diagnosis of painful syndromes" is unclear, the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in this paragraph.

35. The defendants admit only that because the plaintiffs' putative "areas of expertise" are not recognized by the ADA as dental specialties, they are not allowed, under 22 T.A.C. § 108.54, to advertise as "specialists" in the subjects listed.

36. The defendants admit only that they rely on the widely recognized expertise of the ADA and that the rules published in the Texas Administrative Code provide no mechanism for evaluating the accrediting organization or its credentials or for contesting the decisions of the ADA denying specialty recognition.

37. Denied, except that the defendants admit that the ADA House of Delegates determines what areas of dentistry will be recognized by the ADA as specialties, the defendants lack sufficient information to admit or deny the number of dentists in the House of Delegates, and the defendants lack sufficient knowledge and information to form a belief as to the truth of the averments in the last sentence.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. The defendants lack sufficient knowledge and information to form a belief as to what the individual plaintiffs "wish." Otherwise, the paragraph is denied.

**Causes of action**

*Count 1: Freedom of speech (through 42 U.S.C. § 1983)*

44. ¶¶ 1-43 of this answer are incorporated here.

45. The defendants lack sufficient knowledge and information to form a belief as to what

the individual plaintiffs "wish." Otherwise, the paragraph is denied.

*Count 2: Substantive and procedural due process (through 42 U.S.C. § 1983)*

46.     ¶¶ 1-43 of this answer are incorporated here.

47.     Admitted as a general legal proposition, but the defendants deny that the individual plaintiffs' licenses or bona fide commercial free speech rights are in jeopardy.

48.     Denied.

49.     Denied.

*Count 3: Equal protection (through 42 U.S.C. § 1983)*

50.     ¶¶ 1-49 of this answer are incorporated here.

51.     The defendants admit only that TEX. OCC. CODE § 259.005 does not expressly set out the provisions of 22 T.A.C. § 108.54, but add that section 108.54 is pursuant to and within the Board's authority under section 259.005.

52.     Denied.

53.     The defendants admit only that dentists who meet ADA requirements for recognized specialties may advertise as specialists. Otherwise, the paragraph is denied.

54.     Denied.

**Prayer for Relief**

55.     The defendants deny that the plaintiffs are entitled to any of the relief for which they pray.

**Affirmative defenses**

56.     The plaintiffs' claims not ripe for adjudication.

57.     The organizational plaintiffs lack standing to litigate the rights of individual dentists.

58.     The claims of plaintiffs AAID, Elliott, and Buck are barred by equitable estoppel.

59. The claims of plaintiffs AAID, Elliott, and Buck are barred by claims and/or issue preclusion.

**Conclusion**

In view of all the foregoing, the defendants respectfully pray that the plaintiffs take nothing by any of their claims, that the defendants recover their costs, and that the defendants be award any additional relief to which they show themselves entitled.

Respectfully Submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

JAMES "BEAU" ECCLES
Division Chief - General Litigation


 /s/ *James C. Todd*
JAMES C. TODD
Texas Bar No. 20094700
Assistant Attorney General
Office of the Attorney General
General Litigation Division-019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120; (512) 320-0667 FAX
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been sent *via* Certified U.S. Mail, Return Receipt Requested, on this the 27th day of March, 2014, to:

Renea Hicks
Law Office of Max Renea Hicks
101 West 6th St., Suite 504
Austin, Texas 78701
rhicks@renea-hicks.com

Frank R. Recker
Frank R. Recker & Associates, Co, LPA
291 S. Collier Blvd., Suite 105
Marco Island, Florida 34145
Recker@ddslaw.com

*Attorneys for Plaintiffs*

                /s/ *James C. Todd*
                JAMES C. TODD
                Assistant Attorney General