FILED

IN THE UNITED STATES DISTRICT COURT 2014 JUN 20 AM 10: 43
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

AMERICAN ACADEMY OF IMPLANT
DENTISTRY, *et al.,*
                **Plaintiffs,**

-vs-
                                            **Case No.  A-14-CA-191-SS**

GLENN PARKER, Executive Director, Texas
State Board of Dental Examiners, *et al.,*
                **Defendants.**

## O R D E R

BE IT REMEMBERED on the 17th day of June, 2014, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel.  Before the Court are Defendants' Motion for Partial Dismissal [#7], Plaintiffs' Response [#11], and Defendants' Reply [#13]; and Defendants' Motion for Partial Judgment on the Pleadings [#12], Plaintiffs' Response [#14], and Defendants' Reply [#15].  Having considered the documents, the file as a whole, the governing law, and the parties' arguments at the hearing, the Court enters the following opinion and orders DENYING the motions.

### Background

This case involves four private dentistry-related organizations and five individual dentists suing the executive director and members of the Texas State Board of Dental Examiners (the State Dental Board), in their official capacities, challenging the constitutionality of a rule promulgated by the State Dental Board.  The rule at issue is Rule 108.54, which provides that a "dentist may advertise as a specialist or use the terms 'specialty' or 'specialist' to describe professional services

[only] in recognized specialty areas that are: (1) recognized by a board that certifies specialists in the area of specialty; and (2) accredited by the Commission on Dental Accreditation of the American Dental Association." 22 TEX. ADMIN. CODE § 108.54. In essence, Plaintiffs take issue with the State Dental Board delegating the power to control who may advertise as a "specialist" to the American Dental Association (ADA), a private organization comprised of members in competition with Plaintiffs and with a direct financial stake in restricting who may represent themselves as a "specialist" to the consuming public.[1] The individual Plaintiffs have received intensive training in areas of dentistry represented by the organizational Plaintiffs, and they would like to be able to advertise these areas of expertise as "specialties." Apparently, however, the ADA will not give these dentistry disciplines "specialty" status, and if Plaintiffs were to advertise themselves as "specialists" in violation of these prohibitions, they would be subject to various penalties up to and including revocation of their licenses to practice dentistry in Texas.

Based on this state of affairs, Plaintiffs assert the following constitutional claims:

(1)     Rule 108.54 violates Plaintiffs' right to free speech by banning truthful, non-misleading commercial speech. Even if the regulation does not constitute an absolute ban, it has a chilling effect on Plaintiffs' lawful exercise of their right to engage in truthful, non-misleading commercial speech.

(2)     Rule 108.54 violates Plaintiffs' due process rights because they have protected liberty and property interests in their licenses to practice dentistry and to be rewarded for their industry. Under the regulation, Plaintiffs are deprived of any neutral, state-sponsored mechanism to determine dental

---

[1] As a matter of background, this lawsuit is not the first encountered by this Court involving these parties. Three of the plaintiffs in this case previously sued these same defendants challenging a different rule promulgated by the State Dental Board, 22 TEX. ADMIN. CODE § 108.55. *See Elliot v. Parker*, No. 12-CV-330-LY (W.D. Tex. May 3, 2013). Rule 108.55 restricted advertisement of credentials, and the case ended when the State Dental Board revised Rule 108.55 and added a new Rule 108.56. Together these rule changes essentially allowed credential advertising so long as the advertisements avoided communications expressing or implying specialization. Upon revision of the rules, the parties stipulated to dismissal of the case without prejudice in May 2013. Plaintiffs now bring this lawsuit challenging Rule 108.54, which addresses who can advertise as a "specialist" and what can be advertised as a "specialty."

specialties, evaluate the credentials earned in areas of dentistry not recognized by the ADA as a specialty, and are further deprived of any mechanism for appealing the ADA's denial of recognition of any credentialing organization which issues *bona fide* credentials upon which Plaintiffs could declare themselves "specialists" in their respective fields. The Defendants have unlawfully delegated Plaintiffs' past, present, and prospective rights to commercial free speech to a private trade association in which many Texas licensed dentists are not even members. The Defendants issue only one dental license in Texas, and the individual Plaintiffs and those permitted by the regulation to advertise themselves as "specialists" both have the same license.

(3)     Rule 108.54 violates Plaintiffs' equal protection rights and because it impinges on Plaintiffs' fundamental constitutional rights, it is subject to heightened judicial scrutiny.

Compl. [#1], ¶ 2.

Defendants have filed a Motion for Partial Dismissal under 12(b)(6), seeking dismissal of the due process and equal protection claims. With respect to the due process claim, Defendants argue there is no property interest in the *practice* of dentistry, only in the *licenses*, and then only to a limited extent. The revocation of a professional license would constitute the deprivation of a property interest, but incidental burdens imposed by state regulations would not. Defendants contend Rule 108.54 imposes only incidental burdens, and there has been no action taken to revoke Plaintiffs' dentistry licenses. With respect to the equal protection claim, Defendants argue the right to engage in commercial free speech is not a fundamental right, which means rational basis scrutiny applies. According to Defendants, relying on the ADA for specialty determinations is rational for a variety of reasons including consumer protection.

Plaintiffs respond that the State Dental Board has delegated to the private ADA the exclusive authority to determine the State's official position on which specialties to recognize. This kind of total governmental delegation, with no guiding standard, to private actors, they argue,

-3-

violates due process.  Plaintiffs argue this standardless delegation allows the ADA to act on behalf of its own selfish interests and those of its private membership.  With respect to the equal protection claim, Plaintiffs insist intermediate scrutiny applies to their commercial speech claim.  Even under rational basis review, however, Plaintiffs contend dismissal would be inappropriate because they are entitled to an evidentiary record to demonstrate a lack of a rational basis.

Defendants have also filed a Motion for Partial Judgment on the Pleadings, seeking dismissal of the "standardless delegation" claim.  Defendants argue deference to ADA accreditation is not a "delegation" at all.  First, Defendants point out the state board does not have the authority to determine "specialty" designations; rather it has the authority to prohibit misleading communications to the public by dentists.  Second, Defendants highlight the fact the ADA determines "specialties" independent of the State Dental Board.  Defendants also argue "standardless delegation" claims have primarily been applied as a federal constitutional limit on Congress and as a state constitutional limitation on the legislature, but have only rarely been applied as a federal constitutional limitation on state government through the Fourteenth Amendment.

Plaintiffs respond that whether an advertisement is misleading depends on whether it is recognized as a specialty, and the State Dental Board has given total deference to the ADA to determine specialties.  If the ADA recognizes the specialty, it is not misleading.  If the ADA does not recognize the specialty, then it is misleading.  Therefore, according to Plaintiffs, there is no way to see this arrangement other than as a delegation.  Also, Plaintiffs contend the doctrine of nondelegation of public power to private groups is a constitutional limitation that is alive and well.

Defendants have indicated they have reserved their arguments concerning the First Amendment and commercial free speech for summary judgment.

**Analysis**

**I.      Rules 12(b)(6) and 12(c)—Legal Standard**

A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotation marks omitted). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

## II.   Application

At the hearing held June 17, 2014, defense counsel explained his motion strategy. Essentially, his intent with the two motions currently before the Court was to trim from this case the due process and equal protection claims, leaving only the free speech claim to be handled at summary judgment. In defense counsel's view, the crux of this case is whether Rule 108.54 impermissibly infringes Plaintiffs' rights to commercial free speech under the First Amendment. He urges the Court to get rid of the relatively weaker due process and equal protection claims, which serve as distractions from the main event: the free speech issue.

The Court sympathizes with this line of argument especially when it comes to the equal protection claim. Nevertheless, the Court concludes Defendants have satisfied Rule 12's pleading standards on all three constitutional claims. The rub of this case is the First Amendment claim, and the parties agree this issue must survive at least until summary judgment. Since there is significant overlap between the free speech claim and the other two claims (due process and equal protection), the Court sees little point in dismissing the latter two at this point in time. All three constitutional

claims will be better developed and addressed after full discovery. The Court makes no substantive determinations on the due process and equal protection claims at this juncture although it briefly outlines what it understands to be the nature of the claims.

## A.    Due Process

Defendants originally sought dismissal of three types of due process claims: (1) procedural, (2) substantive, and (3) standardless delegation. After reviewing Plaintiffs' Response to the Motion for Partial Dismissal, Defendants suggest the only due process claim at issue is the standardless delegation claim. Plaintiffs never clarified they were only pursuing a standardless delegation claim, and not ones based on procedural or substantive due process. As far as the Court can tell, the three are not easily distinguishable. First, Plaintiffs essentially are complaining that a state agency, the State Dental Board, has delegated to a private entity, the ADA, the exclusive authority to determine "specialties," which in turn controls who may advertise as a "specialist." This contention encapsulates the standardless delegation claim. Second, this arrangement cedes power to the ADA to determine the nature of Plaintiffs' property rights, i.e., what licensed dentists can say publicly about what they are specially able to do under their dental licenses. Moreover, violation of these regulations potentially results in the revocation of Plaintiffs' property rights, i.e., their dental licenses. These contentions implicate substantive due process. Third, Plaintiffs allege there is no neutral, state-sponsored fact-finding procedure in place for determinations of "specialties," and there is no mechanism for appealing these designations. Instead, Plaintiffs contend the ADA has exclusive, carte blanche control. These allegations encompass procedural due process.

In the Court's view, these concepts all overlap, and there is no reason to limit the nature of Plaintiffs' due process claim to one based on "standardless delegation" at this time. Plaintiffs have stated facts sufficient to withstand Rule 12 on their due process allegations.

## B.   Equal Protection

Plaintiffs allege Rule 108.54 creates discriminatory classifications between dentists who have obtained designations as ADA-recognized specialists and those who have obtained professional dental credentials in an area of dentistry not recognized by the ADA as a specialty. The primary dispute on the equal protection claim appears to be what level of scrutiny applies. Both sides agree a First Amendment commercial free speech claim merits intermediate scrutiny. Defendants, though, argue the right to commercial free speech is not a fundamental one for purposes of equal protection. Therefore, when commercial free speech provides the basis for an equal protection claim, or is the "companion claim," it only receives rational basis scrutiny. *See* Defs.' Mot. Partial Dismissal [#7], at 6–7 (citing cases). Defendants argue this highly deferential standard is easily satisfied.

In response, Plaintiffs rely on a case from the Sixth Circuit, which holds that since a "'regulation of commercial free speech is subject to intermediate scrutiny in a First Amendment challenge, it follows that equal protection claims involving commercial speech also are subject to the same level of review.'" *See* Pls.' Resp. to Mot. Partial Dismissal [#11], at 7 (quoting *Chambers v. Stengel*, 256 F.3d 397, 401 (6th Cir. 2001) (citing *R.A.V. v. City of St. Paul*, 505 U.S. 377, 384 n.4 (1992)). Plaintiffs contend the disputed rule does not survive intermediate scrutiny, but even if rational basis review applied, they would still be entitled to an evidentiary record.

As the Court explained above, there is significant overlap between the First Amendment claim based on commercial free speech and the equal protection claim also based on commercial free speech. At the moment, there is no compelling reason not to allow the equal protection claim to proceed alongside the First Amendment claim when they will likely involve litigation of the same issues. The Court does not decide at this stage what level of scrutiny applies to the equal protection claim, much less whether Rule 108.54 satisfies the applicable standard.

## Conclusion

While the Court agrees with Defendants that the First Amendment free speech claim should be the focus of this lawsuit, it concludes Plaintiffs have adequately pleaded due process and equal protection claims. Since the case is proceeding to discovery on the First Amendment claim and since there is significant overlap amongst all three constitutional claims, the Court sees no harm in allowing all three to proceed. Dismissal as requested by Defendants would be premature.

Accordingly,

IT IS ORDERED that Defendants' Motion for Partial Dismissal [#7] is DENIED;

IT IS FINALLY ORDERED that Defendants' Motion for Partial Judgment on the Pleadings [#12] is DENIED.

SIGNED this the ___20th___ day of June 2014.


_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE