IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AMERICAN ACADEMY OF IMPLANT
DENTISTRY, *et al.*,
                 Plaintiffs,
-vs-

GLENN PARKER, Executive Director of
the Texas State Board of Dental Examiners,
*et al.*,
                 Defendants.

CAUSE NO.:
AU-14-CA-00191-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs' Motion for Attorney's Fees [#93], Defendants' Response [#95] in opposition, Intervenor Defendant Texas Society of Oral and Maxillofacial Surgeon (TSOMS)'s Response [#94] in opposition,[1] and Plaintiffs' Reply [#98] in support, Plaintiffs' Supplemental Fee Submission [#108], and Defendants' Supplemental Submission [#107]. Having reviewed the documents, the governing law, the arguments of counsel, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On March 5, 2014, Plaintiffs filed suit against Defendants challenging Texas Administrative Code § 108.54, which prohibits a licensed dentist from advertising as a "specialist" in any area of dentistry not recognized as a "specialty" by the American Dental Association. Plaintiffs alleged § 108.54 infringed upon their First Amendment right to engage in

---

[1] In subsequent filings, Plaintiffs have rescinded their fee request with respect to hours attributable to TSOMS, thereby mooting TSOMS's objections. *See* Pls.' Suppl. Submission [#108] at 3.

1

truthful, non-misleading commercial speech as well as their Fourteenth Amendment due process and equal protection rights. In its January 21, 2016 order, the Court granted summary judgment in favor of Plaintiffs on the First Amendment claim granted summary judgment in favor of Defendants on Plaintiffs' Fourteenth Amendment claims. Order of January 21, 2016 [#75] at 25. The Fifth Circuit subsequently affirmed on appeal, holding § 108.54 unconstitutional as applied to Plaintiffs. Fifth Cir. J. [#85] at 16–17.

Plaintiffs move for attorney's fees pursuant to 42 U.S.C. § 1988(b). Mot. Att'y Fees [#93]. While Defendants do not contest Plaintiffs' right to a fee award, they argue the Court should reduce the amount of fees claimed by Plaintiffs. Resp. Mot. Att'y Fees [#94]. Plaintiffs' motion for attorney's fees initially requested a total fee award of $733,335. Mot. Att'y Fees [#93] at 5. The Court subsequently held a hearing regarding attorney's fees on October 26, 2017, and in November 2017, both parties submitted revised fee proposals to Court. Pls.' Suppl. Submission [#108]; Defs.' Suppl. Submission [#107]. Plaintiffs now claim attorney's fees of $311,950 and nontaxable expenses of $2,701.95, as well as taxable expenses of $5,130. Pls.' Suppl. Submission [#108] at 3–4; Bill of Costs [#106]. In turn, Defendants suggest the Court award Plaintiffs reasonable attorney's fees of $212,170. Defs.' Suppl. Submission [#107] at 1. Plaintiffs' pending motion for attorney's fees is now ripe for review.

## Analysis

I. **Legal Standards**

    A. **Motion for Attorney's Fees—42 U.S.C. § 1988**

Under 42 U.S.C. § 1988, a "prevailing party" in an action brought under 42 U.S.C. § 1983 may be awarded reasonable attorney's fees. 42 U.S.C. § 1988; *see also Univ. Amusement Co., Inc. v. Vance*, 587 F.2d 159, 172 (5th Cir. 1978) (noting court has discretion to award fees

under § 1988). To qualify as a prevailing party, the plaintiff must demonstrate (1) the plaintiff achieved judicially-sanctioned relief; (2) the relief materially alters the legal relationship between the parties; and (3) the relief modifies the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered. *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013). To "prevail" under § 1988, the party seeking fees need not procure a favorable judgment on every claim. *Jenevein v. Willing*, 605 F.3d 268, 270 (5th Cir. 2010).

### B. Calculation of Attorney's Fees

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). First, a court calculates a "lodestar" figure "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community" for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). In so doing, the court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The plaintiff has the burden of showing the reasonableness of the hours billed and proving the exercise of billing judgment. *Id.* at 770.

After calculating the lodestar, the court may increase or decrease it based on the following factors: (1) the time and labor required by the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the

client; and (12) the award in similar cases. *Heidtman*, 171 F.3d at 1043 n.5 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

Where a prevailing party was only partially successful, the court must consider two further issues: first, the relationship between the claims on which the plaintiff succeeded and those on which he did not, and second, whether the plaintiff achieved a level of success that makes the hours expended a satisfactory basis for a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998), *clarified on denial of reh'g*, 169 F.2d 223 (5th Cir. 1999). Specifically, in a suit where the plaintiff presents "distinctly different claims for relief that are based on different facts and legal theories[,] . . . work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved"; thus, no fee award for that work is permitted. *Hensley*, 461 U.S. at 434–35 (internal quotes omitted). In contrast, where the suit "involve[d] a common core of facts" or was "based on related legal theories," the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

## II. Application

Plaintiffs' motion for attorney's fees initially requested a total fee award of $733,335. Mot. Att'y Fees [#93] at 5. In their response, Defendants objected to (1) the hourly rate requested; (2) the vagueness of billing entries and/or blockbilling; (3) the rate charged for travel time; (4) excessive hours; (5) overstaffing; (6) hours billed for clerical work, public relations efforts, and *pro hac vice* admissions; (7) fees related to intervention; and (8) fees for activities unrelated to Plaintiffs' success in the litigation. Resp. Mot. Att'y Fees [#95] at 3–16. Defendants

4

also argued Plaintiffs' award should be reduced in light of the results obtained and fee awards in similar cases. *Id.* at 16–20.

Following the hearing before this Court, both parties submitted supplemental letters to the Court revising their fee award estimates. Pls.' Suppl. Submission [#108]; Defs.' Suppl. Submission [#107]. While Plaintiffs have not changed their requested hourly rates, they have eliminated all hours claimed for travel and all hours attributable solely to Intervenor Defendant TSOMS, thus disposing of Defendants' third and seventh objections, respectively. Additionally, Plaintiffs have substantially trimmed their fee requests in response to Defendants' objections regarding vague billing entries, expenditure of excessive hours, overstaffing, and clerical work. Plaintiffs now suggest a fee award of $311,950, while Defendants suggest a fee award of $212,170. Pls.' Suppl. Submission [#108] at 3–4; Defs.' Suppl. Submission [#107] at 1.

The Court's assessment of what might constitute a reasonable fee award will proceed by: (1) determining a reasonable hourly rate for time expended; (2) reconciling the disparities between the parties' hours estimates; and (3) addressing Defendants' argument Plaintiffs' award should be reduced because Plaintiffs did not succeed on all of their asserted claims.

A. **Reasonable Hourly Rate**

In their most recent submission to the Court, Defendants have attenuated their objections to Plaintiffs' proposed hourly rates. *See* Defs.' Suppl. Submission [#197] at 2 n.2. Specifically, Defendants suggest applying a blended hourly rate[2] of the $350 per hour. *Id.* The Court declines to apply a blended hourly rate because Plaintiffs have submitted sufficient records to enable the Court to determine the number of hours attributable to each attorney. *See* Pls.' Suppl.

---

[2] Defendants calculated this blended hourly rate by averaging the rates requested by attorneys Hicks, Recker, and Newkirk. Defs.' Suppl. Submission [#107] at 2 n.2. The Court observes in passing this is not a weighted average and thus obscures the fact the vast majority of hours were expended by the two attorneys with the highest hourly rates.

5

Submission [#108] at 4. The Court therefore looks to the hourly rates proposed by Plaintiffs to determine if the rates are reasonable. Plaintiffs propose an hourly rate of $400 for Renea Hicks, $375 for Frank Recker, and $275 for Todd Newkirk. *Id.* at 2.

In the Western District of Texas, judges frequently look to the State Bar of Texas Hourly Rate Report (Rate Report)[3] in order to establish a reference point for reasonable hourly rates in the relevant legal market. *See, e.g., Swiney v. Texas*, No. SA–06–CA–0941 FB NN, 2008 WL 2713756, at *5 (W.D. Tex. July 3, 2008). The Rate Report details hourly rates by practice area and location. The Rate Report is not dispositive, however, and the Court notes the Rate Report's observations are often based off of less-than-robust self-reporting by the State's lawyers. For example, of the 11,781 active members of the Texas State Bar residing in the Austin-Round Rock Metropolitan Statistical Area,[4] only 150 lawyers with 21 or more years of experience reported their hourly rate. Rate Report at 12. With these considerations in mind, the Court now turns to evaluating the rates suggested for work by Plaintiffs' attorneys.

Plaintiffs' suggested hourly rate for the work of Renea Hicks is reasonable. Mr. Hicks has over 25 years of legal experience, and the 2015 reported median hourly rate in the Austin-Round Rock MSA for lawyers with 21 or more years of experience ranges from $306 to $350.[5] Rate Report at 12; Mot. Att'y Fees [#93-2] Ex. 1 at 2. However, this is a median rate, and, as noted above, there is good reason to avoid treating the Rate Report as a binding recommendation. Given Mr. Hicks' substantial experience in constitutional law and appellate practice and the

---

[3] State Bar of Texas Department of Research and Analysis, 2015 Hourly Fact Sheet (2015) [hereinafter, Rate Report], https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182.

[4] For the purpose of determining applicable hourly rates, the relevant legal market is generally the community where the district court sits. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381–83 (5th Cir. 2011).

[5] Attorneys with 21 to 25 years of experience reported a median hourly rate of $350, while attorneys with over 25 years of experience reported a median hourly rate of $306. *Id.* Plaintiffs point out that in many instances it makes little sense to award attorneys a lower hourly rate on the basis of their greater breadth of experience.

quality of his representation at trial, the Court finds a rate of $400 per hour is appropriate. *See Chacon v. City of Austin*, No. A–12–CA–226–SS, 2015 WL 4138361, at *6 (W.D. Tex. July 8, 2015) (taking into account relevance and extent of attorneys experience in determining reasonable hourly rate)]; *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993) (same).

Plaintiffs' suggested hourly rate of $375 for the work of Frank Recker is also reasonable. Mr. Recker has over 25 years of legal experience. Mot. Att'y Fees [#93-2] Exhibit 2 at 1. As noted by Plaintiffs, Mr. Recker's background and experience are uniquely valuable in the instant case—Mr. Recker is both a dentist and a lawyer and focuses his practice on matters concerning the dental profession. *Id.* at 1–2. In light of these considerations, an upward departure of $25 per hour above the $350 per hour rate implied by the Rate Report is both reasonable and justified.

Finally, Plaintiffs' suggested hourly rate for the work of Todd Newkirk is also reasonable. Mr. Newkirk has 11 to 15 years of legal experience and has previously worked as an Assistant Attorney General in Ohio. Reply Mot. Att'y Fees [#98] at 4 n.5. According to the Rate Report, the median rate for lawyers with 11 to 15 years of experience is $300. Rate Report at 12. Plaintiffs have requested $25 per hour less than this amount, Pls.' Suppl. Submission [#108] at 2, and the Court finds Plaintiffs' suggested hourly rate of $275 for Mr. Newkirk is reasonable.

B.  **Reasonable Number of Hours**

In their supplemental submissions to the Court, both parties estimate what might constitute a reasonable number of hours to have expended on this litigation. For ease of reference, the Court has charted the parties' respective hours estimates below:

|  | Plaintiffs' Hours Est. | Defendants Hours Est. |
|---|---|---|
| Complaint | 50.0 | 40.0 |
| Written Discovery | 106.9 | 100.0 |
| Depositions | 295.7 | 132.2 |
| Motions | 220.8 | 219.0[6] |
| Appellate Work | 124.6 | 115.0 |
| Administrative Rulemaking | 23.4 | N/A |
| Post-Remand Work | 18.2 | N/A |
| Total | 825.2 | 606.2 |

Pls.' Suppl. Submission [#108] at 3–4; Defs.' Suppl. Submission [#107] at 1. As seen above, the parties' estimates differ by ten hours or less with respect to hours attributed to work on the complaint, written discovery, motions, and appellate work. Keeping in mind "[t]he essential goal in shifting fees (to either party) is to achieve rough justice, not to achieve auditing perfection," *Fox v. Vice*, 563 U.S. 826, 838 (2011), the Court proceeds to address the parties' suggestions as to what might constitute a reasonable number of hours expended upon this litigation.

**1.    Complaint, Written Discovery, Motions, and Appellate Work**

The Court finds Plaintiffs' claimed hours for work on the complaint, written discovery, motions, and appellate work to be reasonable. In doing so, the Court notes Plaintiffs have substantially reduced their claimed hours subsequent to the hearing before this Court and in response to Defendants objections regarding vague billing entries, block billing, clerical work.

---

[6] This calculation includes hours attributed by Defendant to the June 17, 2014 hearing on Defendants' motion for judgment on the pleadings. *See* Defendant's Suppl. Submission [#107] at 1.

*Compare* Mot. Att'y Fees [#93] at 5 (claiming $733,335 in attorney's fees), *with* Pls.' Suppl. Submission [#108] at 3–4 (reducing claim of attorney's fees to $311,950). The Court also notes Plaintiffs' and Defendants' estimates of what constitutes a reasonable amount of work for these tasks have converged substantially. For example, with respect to the hours claimed for written discovery, the parties' estimates diverge by just three percent, while with respect to expenditure of time on motions, the parties' estimates diverge by less than one percent. The Court therefore allows 50 hours for work on the complaint, 106.9 hours for written discovery, 220.8 hours for motions, and 124.6 hours for appellate work. Applying the reasonable hourly rates determined above, the Court awards $87,720 for 8.6 hours of work by Mr. Hicks, $77,663 for 32.1 hours of work by Mr. Recker, and $20,872 for 9.3 hours of work by Mr. Newkirk, for a total of $186,255 for these tasks.

### 2. Depositions

The greatest disparity in the parties' hours estimates is with respect to depositions. Plaintiffs' claimed hours for time spent preparing and conducting depositions is more than twice the estimate put forward by Defendants. In part, this may be because both Mr. Hicks and Mr. Recker appear to have billed for time spent attending depositions. This Court does not allow recovery for time spent in the role of a passive observer at depositions. *See Chacon*, 2015 WL 4138361, at *4 (citing *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982)). The Court therefore rejects 26 of Mr. Recker's claimed hours on the grounds Plaintiffs cannot recover fees for time Mr. Recker spent as a passive observer. After subtracting this amount, Plaintiffs' remaining estimated hours consist of 26 hours spent attending depositions and 243 hours spent preparing for those depositions. However, as Plaintiffs correctly note, the legal posture of this case indicated from the outset that this matter would likely be decided on summary judgment,

rendering the testimony elicited at these depositions particularly important. In this context, the Court reduces the hours claimed for time spent preparing for depositions by one third, to 162 hours. In aggregate, the Court finds 188 hours were reasonably spent preparing for and attending depositions and, accordingly, awards $14,660 for 36.65 hours of work by Mr. Hicks, $47,135 for 125.69 hours of work by Mr. Recker, and $5,049 for 18.36 hours of work by Mr. Newkirk,[7] for a sum of $66,844.

### 3. Administrative Rulemaking

The parties also dispute whether Plaintiffs may be awarded fees for hours incurred with respect to an administrative rulemaking process before the State Dental Board which occurred during the pendency of this litigation. Defendants have suggested this work should be disallowed because it is unrelated to the litigation. Resp. Mot. Att'y Fees [#95] at 16. While administrative work unrelated to the litigation itself is not recoverable under § 1988, administrative work is not per se unrelated to litigation as a general matter, and fees may sometimes be recovered for administrative work directly related to the litigation at issue. *See N.C. Dep't of Transp. v. Crest St. Cmty. Council*, 479 U.S. 6, 15 (1980); *see also Stormans, Inc. v. Selecky*, 906 F. Supp. 2d 1093, 1101 (W.D. Wash. 2012) (allowing recovery for work expended with respect to administrative process, where parties had stipulated to a stay in the litigation pending outcome of the rulemaking). Here, Defendants have not explained why the administrative work should be considered unrelated to the litigation, and the Court finds the hours expended by Plaintiffs' counsel were reasonable because the ongoing rulemaking had the potential to moot the ongoing litigation. The Court therefore awards $4,400 for 11.0 hours of work by Mr. Hicks and $4,650 for 12.4 hours of work by Mr. Recker, for a total of $9,050.

---

[7] The Court calculated these amounts by applying the one-third reduction pro rata to the hours claimed by each attorney. The Court accomplished this by multiplying each of the attorney's claimed hours for depositions by 0.67.

10

### 4. Post-Remand Fees

In their supplemental submission to the Court, Plaintiffs appear to ask for post-remand fees for the first time. Plaintiffs' counsel do not appear to have submitted timesheets or declarations for post-remand work but aver they have exercised their billing judgment to reduce this number by at least 60 percent. *See* Pls.' Suppl. Submission [#108] at 4. Given the lack of documentation, the Court finds Plaintiffs have not met their burden of establishing entitlement to an award for this work. *See Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013). The Court therefore declines to award attorney's fees for post-remand work.

### 5. Costs

Plaintiffs have requested reimbursement for $2,701 in nontaxable expenses. This amount represents Mr. Recker's travel costs for a Chicago deposition and Mr. Hicks's cost of travel to oral argument before the Fifth Circuit in New Orleans as well as cost of travel to a deposition related to TSOMS. Plaintiffs have already eliminated hours solely attributable to TSOMS as a party, *see* Pls.' Suppl. Submission [#108] at 3, and the Court similarly subtracts the travel expense attributable to the TSOMS deposition. Plaintiffs may recover the remaining $2,485.12 in nontaxable expenses.

Plaintiffs have also submitted a bill of costs requesting the Clerk tax $5,130 as costs. Bill of Costs [#106]. Defendants have not filed objections to the bill of costs, and it appears to the Court the costs requested are reasonable. Accordingly the Court approves Plaintiffs' request for $5,130 in taxable costs.

### C. Results Obtained

In awarding attorney's fees, the Court must consider "whether plaintiff failed on alternative claims and whether the award is excessive in light of the plaintiff's overall level of

success." *See Romaguera*, 162 F.3d at 896 ("When the plaintiff raises several claims and those claims involve a common core of facts or related legal theories, the district court . . . should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." (internal quotation marks and citation omitted)). Here, Plaintiffs relied on a common core of facts to put forward several related constitutional bases for the invalidation of § 108.54. In the end, only one such basis was needed in order to secure the sought-after injunction prohibiting Defendants from enforcing Texas Administrative Code § 108.54 against Plaintiffs. The Court finds the hours expended by Plaintiffs were reasonable in relation to Plaintiffs' overall level of success because Plaintiffs obtained substantially all of the relief sought in the litigation. Accordingly, the Court shall not adjust attorney's fees downward based on the results obtained.

## Conclusion

Pursuant to 42 U.S.C. § 1988, the Court awards Plaintiffs a total of $269,764.12, consisting of $186,255 for reasonable hours expended on the complaint, written discovery, motions, and appellate work, $66,844 for reasonable hours expended on depositions, $9,050 for reasonable hours expended on administrative work, $2,485.12 in nontaxable expenses, and $5,130 in costs.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Attorney's Fees and Nontaxable Expenses [#93] is GRANTED IN PART and DENIED IN PART as described in this opinion; and

IT IS FURTHER ORDERED the Court APPROVES Plaintiffs' Bill of Costs [#106].

SIGNED this the 11th day of January 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE